## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMIE JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-00014-SPM |
| | ) |
| JACKSON COUNTY COURTHOUSE, | ) |
| MISSOURI and JUDGE UNKNOWN | ) |
| MILLER, | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Jamie Jones' application to proceed in district court without prepaying fees or costs, which will be granted. The Court will assess an initial partial filing fee of $1.00. Additionally, for the reasons stated below, this matter will be dismissed for failure to state a claim upon which relief may be granted.

### Initial Partial Filing Fee

A prisoner bringing a civil action is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of suit. *Id.* § 1915(b)(2). After payment of the initial partial filing fee, the prisoner must make monthly payments of 20% of the preceding month's income credited to the prisoner's account. *Id.*

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). After reviewing the information contained in plaintiff's application, the Court will

assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (a court may assess an initial partial filing fee "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

### Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### The Complaint

Plaintiff files his complaint under 42 U.S.C. § 1983 alleging defendants violated his constitutional rights by setting an unconstitutional cash bond of $16,000. He names as defendants the Jackson County Courthouse and Judge Miller. He states the Court never reduced the bond and he has had to sit in jail for nine months. For relief, he seeks $100,000 in damages.

**Discussion**

As a threshold matter, the Court notes that neither defendant is subject to suit. First, the Jackson County Courthouse is not a "person" under § 1983. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *see also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). Because the Jackson County Courthouse is not a person, it is not subject to suit. Second, Judge Miller is entitled to judicial immunity. Judicial immunity provides judges with immunity from suit, allowing them to exercise the authority with which they are vested, and to act upon their own convictions. *See Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020). Based on plaintiff's allegations, Judge Miller has jurisdiction over plaintiff's suit and he performed a judicial act by setting plaintiff's bond. *See Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012) (discussing exceptions to judicial immunity). Therefore, judicial immunity from 42 U.S.C. § 1983 actions bars plaintiff's recovery in this suit.

Finally, plaintiff has not exhausted his available state court remedies, and therefore this Court will not entertain his challenge to his bond. Generally, federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981). Due to this reluctance to interfere, and in the interest of comity between state and federal courts, a plaintiff is required to exhaust state remedies before seeking relief. *See Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court." *Dever v Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Plaintiff has failed to exhaust his state court remedies with regards to his bond. Missouri's Supreme Court Rules allow a person detained and unable to meet the conditions of release to have those conditions "reviewed by the court which imposed them." Mo. S. Ct. R. 33.05. If a court "sets inadequate or excessive conditions," the accused may seek a remedial writ in a higher court. Mo. S. Ct. R. 33.09. There is no indication that plaintiff has attempted to have his bond conditions reviewed by the trial court or Missouri's appellate courts. Thus, he has not exhausted his state court remedies. The Court therefore declines plaintiff's request to rule upon the constitutionality of his bond.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within twenty-eight (28) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it:  (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot.** [ECF No. 4]

-5-

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 7th day of March, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE